IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES SMOTHERS and ) | |
| LORETTA SMOTHERS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 06-cv-0608-MJR |
| ) | |
| DELTA COMPANIES, INC., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

A.   Introduction and Facts

This lawsuit arises from an October 10, 2005 accident in Mt. Vernon, Illinois. On that date, James Smothers was driving his motorcycle west on Illinois Route 15, with his wife, Loretta, a passenger. Ronald Schaefer was driving a truck east on Route 15. A head-on collision occurred in a construction zone with barricades and lane markers that had been erected by Southern Illinois Asphalt, Inc. ("SIA").

James and Loretta filed suit in this Court one year ago against Delta Companies, Inc., who wholly owns and operates SIA. *See* Answer, Doc. 7 at ¶ 3. Subject matter jurisdiction lies under the federal diversity statute, 28 U.S.C. § 1332.

The complaint alleges that Delta (through its subsidiary, SIA) negligently placed the lane markers and barricades in a confusing manner such that both eastbound and westbound traffic were directed into the same lane of travel, proximately causing the collision which severely injured James (Count I) and Loretta (Count II).

A jury trial is set to commence October 29, 2007 before the undersigned District Judge, a final pretrial conference is scheduled October 5, 2007, and the dispositive motion deadline elapsed on June 22, 2007. The Court now rules on the single dispositive motion filed herein – Plaintiffs' June 22nd motion for partial summary judgment (Doc. 24), with supporting and opposing briefs (Docs. 25 & 31). Analysis begins with reference to the standard governing this Court's review of the summary judgment motion.

B.   Applicable Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Guzman v. Sheahan*, – F.3d –, 2007 WL 2241646, *3 (7th Cir. August 7, 2007). *Accord Bevolo v. Carter*, 447 F.3d 979, 982 (7th Cir. 2006), *citing Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In assessing whether summary judgment is warranted, this Court must construe all evidence, plus the inferences reasonably drawn from the evidence, in the light most favorable to the non-moving party. *King ex rel. King v. East St. Louis School District 189*, – F.3d –, 2007 WL 2241649, * 3 (7th Cir. August 7, 2007). *Accord Sallenger v. Oakes*, 473 F.3d 731, 739 (7th Cir. 2007).

C.   Analysis

The complaint alleges that Delta's negligent erection of the construction

zone caused the accident which injured James and Loretta Smothers.  Delta denied that it was negligent and denied that Plaintiffs were injured to the extent alleged.  Delta also *counterclaimed* against Plaintiffs, asserting that in the event Delta is found liable to Loretta (the passenger), Delta is entitled to contribution from James (the driver) "for that percentage of fault attributable to him for causing the incident" (Doc. 7, p. 3).

In their motion for partial summary judgment, Plaintiffs maintain that discovery in this case has established that there was nothing James Smothers could have done to avoid the accident, so there is no evidence Delta can rely upon to prove that James was contributorily negligent.

To support this argument, Plaintiffs tender excerpts from the deposition of Jim McPhail, SIA's regional manager.  McPhail was present at the job site on the evening the accident occurred.  During his deposition, McPhail testified as follows (McPhail Depo., p. 75):

> Q.   Okay. Now, Delta Companies has filed a claim back against Mr. Smothers in this case.  Are you aware of anything that Mr. Smothers did wrong?
>
> A.   No, I'm not. No.
>
> Q.   Okay.  Are you aware of anything that Mr. Smothers could have done different to avoid this accident or anything that Mr. Smothers could have done to avoid this accident?
>
> A.   No.

Other than McPhail (and Plaintiffs themselves), the only other witness to the accident – Ronald Schaefer, the driver of the other vehicle – has died.  Thus, Plaintiffs contend that

3

there is no evidence available to contradict their testimony or McPhail's testimony, thereby dooming Delta's counterclaim based on James Smothers' contributory negligence.

Having carefully reviewed the record, the Court concludes that summary judgment is not merited on Delta's counterclaim. First, the strength of Plaintiffs' argument is diminished by the fact that McPhail (upon whose testimony they rely) never saw the accident occur. McPhail's deposition testimony reveals that he was over a mile from the accident scene and only arrived at the spot when summoned by an Illinois State Trooper (*see* McPhail Depo., pp. 12-14).

Second, even if McPhail's statement were built on first-hand knowledge from having *witnessed* the collision, the Court has not determined (and Plaintiffs have not established) that McPhail's statements bind Defendant Delta – the parent company of McPhail's employer (SIA).

Third and more importantly, other evidence – not yet in the record – may exist (and could be introduced at trial) to support the contributory negligence counterclaim. On the slim record before it, it is far from clear that there is no admissible or relevant evidence regarding James Smothers' sobriety at the time of the collision. The limited deposition excerpts (mere snippets) provided to the Court suggest that James asserted Fifth Amendment rights repeatedly and refused to answer any questions regarding his intoxication and/or impairment on the night of the collision. That assertion (which may no longer prevail once James Smothers' state court DUI ticket has

4

been resolved) does not permanently foreclose all inquiry on this topic.  In short, determination of Delta's counterclaim is premature at best.

       D.    <u>Conclusion</u>

Viewing the facts in the light most favorable to the nonmovant (Delta), the Court cannot find – as to the counterclaim – that no genuine issue of material fact remains or that Plaintiffs are entitled to a judgment as a matter of law.

For these reasons, the Court DENIES Plaintiffs' June 22, 2007 motion for partial summary judgment (Doc. 3).

IT IS SO ORDERED.

DATED this 17th day of August 2007.

                                    <u>s/ Michael J. Reagan</u>
                                    MICHAEL J. REAGAN
                                    United States District Judge